UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHNNY BARBOUR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:17-cv-00187-JMS-MJD ) |
| JEFFREY KRUEGER, Warden, | ) ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Johnny Barbour seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **denied.**

### A. Background

On January 15, 2013, Barbour pled guilty to possessing ammunition as a convicted felon—a violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). That enhancement was reversed on appeal. *See United States v. Barbour,* 750 F.3d 535 (6th Cir. 2014). On remand, Barbour was sentenced to 87 months' imprisonment. That disposition was affirmed in *United States v. Barbour*, 629 F. App'x 727 (6th Cir. 2015). Barbour is currently seeking relief via 28 U.S.C. § 2255 under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). That challenge was docketed in the trial court as No. 1:16-cv-00438-CLC, although the development of the action is chronicled in the underlying criminal action, No. 1:12-CR-00124-1.

**B. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Barbour, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy."

The expanded record here shows without doubt that Barbour is not entitled to seek habeas relief via the savings clause of § 2255(e). This is because he filed a timely 28 U.S.C. § 2255 in the trial court asserting the same claim which is asserted here. The United States has defended that motion on the merits, not because of some asserted jurisdictional or procedural deficiency. The present action is Barbour's effort at a second bite at the post-conviction apple while the first bite is still in progress.

### C. Conclusion

Based on the foregoing, Barbour has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. Because there is a collateral challenge pending in the trial court, the dismissal of the present action shall be without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/9/2017

_signature_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHNNY BARBOUR
45376-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov